HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRIMINAL PRODUCTIONS, INC.,

Plaintiff,

v.

DARRELL GUNDERMAN, *et al.*,

Defendants.

Case Nos. C16-729-RAJ; C16-860-RAJ; C16-1016-RAJ

ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Criminal Productions, Inc.'s thirteen nearly identical motions for default judgment in the above captioned cases.[1] For the reasons that follow, the Court **GRANTS** the motions and will enter default judgment against Defendants.[2]

## II. BACKGROUND

These cases are among ten nearly identical actions filed between May 2016 and January 2017 alleging copyright infringement by various Doe Defendants who participated in BitTorrent "swarms."

[1] These motions can be found at: C16-729-RAJ, Dkt. ## 60, 62, 64, 66, 68, 70, 72, 74; C16-860-RAJ, Dkt. ## 29, 31; C16-1016-RAJ, Dkt. ## 43, 45, 47.

[2] This case is similar to the *Dallas Buyers Club, LLC* cases over which the Court presided in 2014, 2015, and 2016. The Court follows its reasoning from those cases in awarding default judgment to Plaintiff in this case. *See, e.g.*, *Dallas Buyers Club, LLC v. Nydam*, No. C14-1684-RAJ, 2016 WL 7719874, at *1 (W.D. Wash. Aug. 8, 2016).

The facts are straightforward. Plaintiff is a developer and producer of the motion picture *Criminal*. *See, e.g.*, C16-729-RAJ, Dkt. # 14 (Am. Compl.) ¶¶ 5-6. Plaintiff owns a registered copyright in *Criminal*, Registration No. PA 1-984-029. *Id.* ¶ 6. All Defendants—including those against whom Plaintiff seeks default judgment[3]—are alleged to have participated in a peer-to-peer network using the BitTorrent protocol[4] to download and share *Criminal*. These Defendants are each alleged to have used or shared an IP address which was observed sharing *Criminal*.[5] Plaintiff has not authorized any Defendant to use an online media distribution system, including BitTorrent, to misappropriate, reproduce, or distribute *Criminal* to the public. *See, e.g.*, C16-729-RAJ, Dkt. # 14 (Am. Compl.) ¶ 46. The Court has entered an order of default for failure to answer, plead, or otherwise defend as to each of the Defendants against whom Plaintiff seeks default judgment. *Id.*, Dkt. ## 44, 45, 46, 47, 48, 59; No. C16-860-RAJ, Dkt. ## 27, 28; No. C16-1016-RAJ, Dkt. # 40.

---

[3] Plaintiff seeks default judgment against the following Defendants: Darrell Gunderman, Dona Fristoe, Lucy Kuria, Lotus Bernardo, Douglas Lundmark, Summer Earle, Jim Campbell, William Kittel (C16-729-RAJ, Dkt. ## 60, 62, 64, 66, 68, 70, 72, 74); Sam Norman, David Kim (C16-860-RAJ, Dkt. ## 29, 31); Robert Frank, Jerry Lamar, Jeff Swatman (C16-1016-RAJ, Dkt. ## 43, 45, 47).

[4] Numerous courts have described in detail how the BitTorrent protocol works. *See e.g.*, *Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1131-33 (D. Colo. 2014); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 275-76 (S.D.N.Y. 2012).

[5] The Defendants' alleged IP addresses and date of violation are as follows: Darrell Gunderman, 73.140.182.130 on May 15, 2016 (C16-729-RAJ, Dkt. # 14 (Am. Compl.) ¶ 18); Dona Fristoe, 73.35.217.195 on April 27, 2016 (*id.* ¶ 23); Lucy Kuria, 67.168.176.96 on April 27, 2016 (*id.* ¶ 25); Lotus Bernardo, 98.225.49.161 on April 26, 2016 (*id.* ¶ 27); Douglas Lundmark, 73.190.127.147 on May 2, 2016 (*id.* ¶ 20); Summer Earle, 73.221.75.238 on April 28, 2016 (*id.* ¶ 22); Jim Campbell, 76.22.115.203 on April 27, 2016 (*id.* ¶ 24); William Kittel, 24.16.198.204 on April 26, 2016 (*id.* ¶ 29); Sam Norman, 98.247.171.217 on May 19, 2016 (C16-860-RAJ, Dkt. # 18 (Am. Compl.) ¶ 18); David Kim, 71.238.4.88 on May 19, 2016 (*id.* ¶ 19); Robert Frank, 76.121.145.47 on June 27, 2016 (C16-1016-RAJ, Dkt. # 14 (Am. Compl.) ¶ 19); Jerry Lamar, 73.157.13.216 on June 27, 2016 (*id.* ¶ 20); Jeff Swatman, 67.185.216.150 on June 25, 2016 (*id.* ¶ 23).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment. Typically, default judgment is entered after the Clerk of Court has entered default under Federal Rule of Civil Procedure 55(a), but district courts also have that authority. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 789 (9th Cir. 2011). The Court's role in considering a motion for default judgment is not ministerial. The Court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Where those facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The plaintiff must provide evidence to support a claim for a particular sum of damages. *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B). Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the Court must conduct a hearing or otherwise ensure that the damage award is appropriate. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## IV. DISCUSSION

### A. Whether Plaintiff Has Proven Copyright Infringement

Plaintiff must first prove the respective Defendants' liability. To establish copyright infringement, Plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has alleged and shown its ownership of a valid and registered copyright in the *Criminal* film. *See, e.g.*, C16-729-RAJ, Dkt. # 14 (Am. Compl.) ¶¶ 1, 6; *id.*, Dkt. # 15 at 2-3 (Certificate of Registration). This "is considered prima facie evidence of the validity of the copyright." *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307

F.3d 775, 781 (9th Cir. 2002); *see also* 17 U.S.C. § 410(c). As such, Plaintiff has established the first element.

The Court also finds that Plaintiff has adequately alleged that each of the Defendants copied pieces of *Criminal*. Each of the relevant Amended Complaints specifically alleges that the relevant Defendants' IP addresses were observed copying pieces (or the entirety) of *Criminal*. The Court must deem the facts in the Amended Complaints to be true for the purposes of establishing liability. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). As such, the Court must find that the second element has been met and that Plaintiff has established the Defendants' liability for copyright infringement.

**B. Whether Plaintiff Has Proven Copyright Infringement**

Having established liability, Plaintiff must also show that default judgment is warranted. Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate. Those factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Id.*

The factors weigh in favor of granting default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a proper remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). As discussed above, Plaintiff has adequately alleged and shown the Defendants' liability. The amount at stake in each case is also relatively modest—Plaintiff seeks statutory damages of at least $2,500 and costs and attorneys' fees of approximately $4,000. It is unlikely that the Defendants' failure to respond is the product of excusable neglect. Plaintiff properly served or obtained waiver of service as to each of the

Defendants, meaning that they likely had ample notice of the action.

The Court acknowledges that a dispute may arise concerning material facts, including whether the Defendants are the actual infringers. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) (finding that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."). The Court, however, finds that such a possibility is insufficient to overcome the other factors weighing in favor of granting default judgment, especially as each of the Defendants was personally served or waived service, giving them ample opportunity to contest the allegations. Finally, although there is a strong policy for deciding cases on their merits (*see Eitel*, 782 F.2d at 1472), Defendants' failure to respond to Plaintiff's claims means that this factor does not preclude entry of default judgment (*see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014)).

As the *Eitel* factors generally weigh in favor of granting default judgment, the Court will **GRANT** Plaintiff's motions. What remains to be determined is what relief Plaintiff should be awarded.

**C. Appropriate Relief**

Plaintiff requests three categories of relief: (1) permanent injunctive relief, (2) statutory damages not less than $2,500, and (3) attorneys' fees and costs.

**i. Injunctive Relief**

Plaintiff first requests an injunction enjoining Defendants from infringing on Plaintiff's rights in *Criminal*, including through using the Internet. 17 U.S.C. § 502(a) permits a court to grant final injunctions to "prevent or restrain infringement of a copyright." Under 17 U.S.C. § 503(b), a court may order the destruction of copies found to have been made or used in violation of a copyright owner's rights. Parties obtaining a permanent injunction ordinarily must satisfy a four part test: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4)

the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).

The Court agrees that injunctive relief is appropriate here. As in numerous other BitTorrent cases (*see e.g.*, *Malibu Media, LLC v. Flanagan*, No. 2:13-CV-5890, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014)), the four elements are established here. Furthermore, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (citing *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir. 1986)). Consequently, the Court will issue a permanent injunction enjoining each of the relevant Defendants from infringing Plaintiff's rights in *Criminal* and ordering them to destroy all unauthorized copies of *Criminal*.

**ii. Statutory Damages**

Next, Plaintiff requests statutory damages of at least $2,500. In previous similar cases, the Court has awarded minimum statutory damages of $750.

Under 17 U.S.C. § 504(c)(1), the Court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the Court considers just" for each infringed work. Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)). When considering the proper amount of damages, the Court takes into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (citing *Landstar*, 725 F. Supp. 2d at 921). District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained

only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984).

The Court remains convinced that the statutory minimum of $750 is the appropriate award in this case as to each Defendant. It makes little sense to differentiate among individual defendants and $750 is the same award the Court has found appropriate in substantially similar cases. *See e.g., Dallas Buyers Club, LLC v. Nydam*, No. C14-1684-RAJ, 2016 WL 7719874, at *1 (W.D. Wash. Aug. 8, 2016); *Dallas Buyers Club, LLC v. Bui*, No. C14-1926-RAJ, 2016 WL 1242089, at *4 (W.D. Wash. Mar. 30, 2016); *Dallas Buyers Club, LLC v. Madsen*, No. C14-1153-RAJ, 2015 WL 6680260, at *6 (W.D. Wash. Nov. 2, 2015).

**iii. Attorneys' Fees and Costs**

Finally, Plaintiff seeks attorneys' fees and costs against the Defendants. The Court "in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Courts may consider several factors in making an attorneys' fee determination under the Copyright Act, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). These factors all weigh in favor of awarding attorneys' fees. Plaintiff has obtained success on its non-frivolous claims. Moreover, awarding fees would advance considerations of compensation and deterrence. Courts begin with a "lodestar" method in calculating reasonable attorneys' fees, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff has requested attorneys' fees as follows:

| Case | Defendant | Atty. Hours | Atty. Fees | Legal Assist. Hours | Legal Assist. Fees |
|---|---|---|---|---|---|
| C16-729, Dkt. # 61 | Darrell Gunderman | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 63 | Dona Fristoe | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 65 | Lucy Kuria | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 67 | Lotus Bernardo | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 69 | Douglas Lundmark | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 71 | Summer Earle | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 73 | Jim Campbell | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-729, Dkt. # 75 | William Kittel | 8.5 | $3,000 | 2.5 | $362.50 |
| C16-860, Dkt. # 30 | Sam Norman | 8.6 | $3,405 | 2.5 | $362.50 |
| C16-860, Dkt. # 32 | David Kim | 8.6 | $3,405 | 2.5 | $362.50 |
| C16-1016, Dkt. # 44 | Robert Frank | 8.8 | $3,630 | 2.5 | $362.50 |
| C16-1016, Dkt. # 46 | Jerry Lamar | 8.8 | $3,630 | 2.5 | $362.50 |
| C16-1016, Dkt. # 48 | Jeff Swatman | 8.8 | $3,630 | 2.5 | $362.50 |

As an initial matter, not a single one of Plaintiff's attorneys' fees calculations is correct. In some instances, these miscalculations result in lower requested fees. For example, in the declarations submitted under C16-729, David A. Lowe's fees are calculated at a rate of $450 per hour for 5.5 hours, which equals $2,475, yet Plaintiff requests $2,250. *See, e.g.*, C16-729-RAJ, Dkt. # 61. In other instances, these miscalculations result in higher requested fees. For instance, in the declarations submitted under C16-860, Lowe's fees are calculated at $450 per hour for 5.6 hours, which equals $2,520, yet Plaintiff requests $2,655. *See, e.g.*, C16-860-RAJ, Dkt. # 30. In the declarations submitted under C16-1016, Lowe's fees are calculated at $450 per hour for 5.8 hours, which equals $2,610, yet Plaintiff requests $2,880. *See, e.g.*, C16-1016-RAJ, Dkt. # 44. In each of these instances, the Court construes the declarations as requesting the lower amount.

Aside from the $450 rate requested for Lowe, Plaintiff requests a rate of $250 for his colleague, Tim Billick, along with an hourly rate of $145 per hour for his legal assistant. *See, e.g.*, C16-729-RAJ, Dkt. 61 at 4-5. In a similar case litigated by Lowe, this Court concluded that the lodestar amount using the requested hourly rates of $495 or $510 should be reduced to $300 after considering "the (1) time and labor required and (2)

skill requisite to perform the legal services properly." *Dallas Buyers Club, LLC v. Madsen*, No. C14-1153RAJ, 2015 WL 6680260, at *5-6 (W.D. Wash. Nov. 2, 2015) (citing *Kerr v. Screen Extras Guild*, 526 F.2d 67, 67 (9th Cir. 1975)). The Court noted that numerous other courts have found higher attorneys' fees to be inappropriate in similar BitTorrent cases because these cases amount to little more than "form-pleading" requiring little legal skill or attention. *Id.* (citing cases). Other cases have made this even more explicit, noting that BitTorrent cases being handled by the same firm using practically identical pleadings do not require any unique skill. *See Cobbler Nevada, LLC v. Reardon*, No. 3:15-CV-01077-ST, 2015 WL 9239773, at *4 (D. Or. Dec. 16, 2015). The Court finds that Lowe's hourly rate should again be set at $300. Applying the same authorities, the Court finds it appropriate to reduce Billick's hourly rate from $250 to $200. The Court approves $145 hourly rate for legal assistant support.

Plaintiff urges the Court to impose higher attorney billing rates. The Court, having previously considered nearly identical arguments, declines to change course. *See Dallas Buyers Club, LLC v. Nydam*, No. C14-1684-RAJ, 2016 WL 7719874, at *1 (W.D. Wash. Aug. 8, 2016). As before, there is little reason why this particular case required extensive skill or experience—this matter used practically identical pleadings from several other cases and encountered little to no opposition. Attorney billing rates of $300 and $200 are appropriate. The Court will thus award attorneys fees at an hourly rate of $300 for Lowe, $200 for Billick, and $145 for legal assistance.

Finally, Plaintiff requests prorated costs for each Defendant supports this request with a receipt and declaration. The Court finds that these costs are appropriate.

Accordingly, the Court awards attorneys' fees and costs against each of the Defendants individually and in favor of Plaintiff as follows:

| Case | Defendant | Atty. Hours | Atty. Fees | Legal Assist. Hours | Legal Assist. Fees | Costs | Total |
|---|---|---|---|---|---|---|---|
| C16-729 | Darrell Gunderman | 8.5 | $2,250 | 2.5 | $362.50 | $143.57 | $2,756.07 |
| C16-729 | Dona | 8.5 | $2,250 | 2.5 | $362.50 | $143.57 | $2,756.07 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Fristoe | | | | | | |
| C16-729 | Lucy Kuria | 8.5 | $2,250 | 2.5 | $362.50 | $143.57 | $2,756.07 |
| C16-729 | Lotus Bernardo | 8.5 | $2,250 | 2.5 | $362.50 | $148.57 | $2,761.07 |
| C16-729 | Douglas Lundmark | 8.5 | $2,250 | 2.5 | $362.50 | $148.57 | $2,761.07 |
| C16-729 | Summer Earle | 8.5 | $2,250 | 2.5 | $362.50 | $148.57 | $2,761.07 |
| C16-729 | Jim Campbell | 8.5 | $2,250 | 2.5 | $362.50 | $148.57 | $2,761.07 |
| C16-729 | William Kittel | 8.5 | $2,250 | 2.5 | $362.50 | $148.57 | $2,761.07 |
| C16-860 | Sam Norman | 8.6 | $2,280 | 2.5 | $362.50 | $186.67 | $2,829.17 |
| C16-860 | David Kim | 8.6 | $2,280 | 2.5 | $362.50 | $186.67 | $2,829.17 |
| C16-1016 | Robert Frank | 8.8 | $2,340 | 2.5 | $362.50 | $159.44 | $2,861.94 |
| C16-1016 | Jerry Lamar | 8.8 | $2,340 | 2.5 | $362.50 | $136.67 | $2,839.17 |
| C16-1016 | Jeff Swatman | 8.8 | $2,340 | 2.5 | $362.50 | $159.44 | $2,861.94 |

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions. The Court thus enters default judgment against each of the Defendants. The Clerk will enter judgment for Plaintiff following this Order.

Specifically, this Court enters judgment against Defendants as follows:

1. Defendants Darrell Gunderman, Dona Fristoe, Lucy Kuria, Lotus Bernardo, Douglas Lundmark, Summer Earle, Jim Campbell, William Kittel, Sam Norman, David Kim, Robert Frank, Jerry Lamar, and Jeff Swatman are hereby permanently enjoined from directly, indirectly, or contributorily infringing Plaintiff Criminal Productions, LLC's rights in the work *Criminal*, including without limitation by using the Internet to reproduce or copy *Criminal*, to distribute *Criminal*, or to make *Criminal* available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff;

2. To the extent any such material exists, Defendants Darrell Gunderman, Dona Fristoe, Lucy Kuria, Lotus Bernardo, Douglas Lundmark, Summer Earle, Jim Campbell, William Kittel, Sam Norman, David Kim, Robert Frank, Jerry Lamar, and Jeff Swatman

are directed to destroy all unauthorized copies of *Criminal* in his or her possession or subject to his or her control;

Statutory damages, attorneys' fees, legal assistant fees, and costs are awarded as follows:

| Defendant | Statutory Damages | Atty. Fees, Legal Assist. Fees, and Costs | Total |
|---|---|---|---|
| Darrell Gunderman | $750.00 | $2,756.07 | $3,506.07 |
| Dona Fristoe | $750.00 | $2,756.07 | $3,506.07 |
| Lucy Kuria | $750.00 | $2,756.07 | $3,506.07 |
| Lotus Bernardo | $750.00 | $2,761.07 | $3,511.07 |
| Douglas Lundmark | $750.00 | $2,761.07 | $3,511.07 |
| Summer Earle | $750.00 | $2,761.07 | $3,511.07 |
| Jim Campbell | $750.00 | $2,761.07 | $3,511.07 |
| William Kittel | $750.00 | $2,761.07 | $3,511.07 |
| Sam Norman | $750.00 | $2,829.17 | $3,579.17 |
| David Kim | $750.00 | $2,829.17 | $3,579.17 |
| Robert Frank | $750.00 | $2,861.94 | $3,611.94 |
| Jerry Lamar | $750.00 | $2,839.17 | $3,589.17 |
| Jeff Swatman | $750.00 | $2,861.94 | $3,611.94 |

DATED this 17th day of February, 2017.

The Honorable Richard A. Jones
United States District Judge